```
1  GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
   38 Discovery, Suite 200
2  Irvine, California 92618
   Telephone: (949) 753-0255
3  Facsimile: (949) 753-0265
   Electronic Service: eservice@g3pmlaw.com
4
5  Attorney: MATTHEW M. PROUDFOOT, SBN: 155988

6  Attorney for Defendant FCA US LLC

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 NATHAN ABLES and JENNIFER   )Case No:
   ABLES,                      )Judge:
12                             )Dept.:
             Plaintiffs,       )
13 vs.                         )
                               )DEFENDANTS' NOTICE OF REMOVAL
14 FCA US LLC; and DOES 1      )PURSUANT TO 28 U.S.C. §§ 1331,
   through 10, inclusive       )1332, 1441, 1446
15                             )
             Defendants.       )
16 _____)

17      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18      PLEASE TAKE NOTICE that Defendants FCA US LLC
19 ("Defendant"), by their counsel GATES, GONTER, GUY,
20 PROUDFOOT & MUENCH, LLP, hereby removes to this court,
21 pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, based
22 on federal question jurisdiction, the claims pending as
23 Case No. 30-2021-01236733-CU-BC-CJC of the Superior Court
24 of California, County of Orange.  In support of this
25 removal, Defendants state as follows:
26                  I.   THE REMOVED CASE
27      1.  The removed case is a civil action commenced in
28 the Superior Court of California, County of Orange by
```

Plaintiffs NATHAN ABLES and JENNIFER ABLES against FCA US LLC, entitled *Nathan Ables and Jennifer Ables v. FCA US LLC,* Case No. 30-2021-01236733-CU-BC-CJC (the "State Action"). The named Defendant is FCA US LLC ("FCA").

2. Plaintiffs filed the State Action on December 16, 2021, asserting breach of implied and express warranty under the Song-Beverly Warranty Act and the Magnuson-Moss Warranty Act against Defendant FCA. Plaintiffs also allege a cause of action for fraudulent inducement-concealment. (Complaint ["Compl."], ¶¶69-77).

## II. PROCEDURAL REQUIREMENTS

3. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). FCA received notice of this matter after it was served with a copy of the Complaint on December 29, 2021. (*See CT Corporation service of process transmittal attached to Complaint as* **Exhibit A** to the Declaration of Matthew M. Proudfoot ["Proudfoot Decl."] at ¶ 10, filed concurrently herewith).

4. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since December 29, 2021 has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-D** filed herewith to the Declaration of Matthew Proudfoot.

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Orange, promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE FEDERAL QUESTION REQUIREMENT IS MET

11. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

12. Jurisdiction is determined by the claims raised in the complaint and not the merits of the claims. If the complaint makes a claim arising under the Constitution or federal laws, the fact that such question has no merit does not, even where it is patently frivolous, affect federal jurisdiction. *Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951).

13. Here, Plaintiffs allege that FCA violated federal laws under the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. § 2310. (*See* Compl., ¶¶ 78-90.)

14. Thus, on its face, the Complaint gives rise to federal question jurisdiction.

### IV. DIVERSITY OF CITIZENSHIP EXITS

15. The basic requirement in diversity cases is that all Plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).

1  A party's residence is prima facie evidence of domicile,
2  and only if that party disputes domicile is the removing
3  party required to provide proof of domiciliary intent.
4  *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d
5  514, 520 (10th Cir. 1994).  A corporation, on the other
6  hand, is deemed to be a citizen of any State by which it
7  has been incorporated and of the State where it has its
8  principal place of business.  (28 U.S.C. §1332(c)(1).)

9      16. A corporation's principal place of business refers
10 to the place where its high-level officers "direct,
11 control, and coordinate the corporation's activities."  *See*
12 *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  "[T]he
13 citizenship of an LLC for purposes of the diversity
14 jurisdiction is the citizenship of its members." *Cosgrove*
15 *v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by
16 *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894,
17 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard*
18 *Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)

19     17. A case is removable on diversity grounds if
20 diversity of citizenship can be ascertained from the face
21 of Plaintiffs' Complaint or this fact is disclosed in
22 pleadings, motions or papers "from which it may first be
23 ascertained that the case is one which is or has become
24 removable..."  (28 U.S.C. §1446(b)(3).)

25     18. A party's residence is prima facie evidence of
26 domicile, and only if that party disputes domicile is the
27 removing party required to provide proof of domiciliary
28 intent.  *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*,

5

19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

19. Plaintiffs, NATHAN ABLES and JENNIFER ABLES, are, and were at the time of filing of the Complaint, residents of California. (Compl., ¶ 2 (establishing that Plaintiffs reside in California); *Ervin v. Ballard Marine Constr.,Inc*. (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted].

20. At the time Plaintiffs' Complaint was filed, and at the time of this Notice of Removal, Defendant FCA US, LLC's is, and was, limited liability company organized under Delaware law with its principal place of business in Auburn Hills, Michigan.  (*See* Excerpt from FCA's 2014 Form 10-K filing, **Exhibit C** to Proudfoot Decl., ¶ 12; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

21. The sole member of FCA is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan. (*See* FCA's Notice of Interested Parties, **Exhibit D** to Proudfoot Decl. ¶ 13).

22. The sole member of FCA North America Holdings LLC is FCA Holdco B.V. (Besloten Vennootschap), a company organized under the laws of the Netherlands. Id. FCA Holdco B.V. is one hundred percent owned by Stellantis N.V.

6

DEFENDANTS' NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1331, 1441, 1446

(formerly known as Fiat Chrysler Automobiles N.V.), which is a publicly traded company incorporated under the laws of the Netherlands. *Id*. As such, FCA is not a citizen of California.

23. Therefore, complete diversity existed as of the time this action was filed, as well as the date of this notice. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

## V. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

24. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

25. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

26. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court

notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

28. 27. FCA disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

28. In the case at bar, the Plaintiffs seek monetary damages "in a sum to be proven at trial in an amount that is not less than $25,001.00." (*See* Compl., ¶48). Plaintiffs also seek "a civil penalty of two times Plaintiffs actual damages" pursuant to their Song- Beverly Consumer Warranty Act causes of action. (*See* Compl., ¶¶53, 54, 60). Plaintiffs allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act

1  (Cal. Civ. Code § 1790 *et seq.*), the Magnuson-Moss Warranty
2  Act and Fraudulent Omission - Concealment against FCA.
3  (*See* Compl., *generally*).
4      29. Plaintiffs allege that on or about April 7, 2018
5  Plaintiffs purchased a 2018 Chrysler Pacifica and it was
6  delivered with, and later developed, various defects,
7  including but not limited to the electrical system,
8  transmission and other non-conformities.(*See* Compl., ¶¶13
9  and 18). Plaintiffs allege they presented their vehicle
10 for repairs and further allege the "said defects
11 substantially impair the use, value and/or safety of the
12 Vehicle." (*See* Compl., ¶19).
13     30. Plaintiffs allege they are entitled to relief
14 under the Song-Beverly Act and Fraudulent-Inducement causes
15 of action asserted against FCA including: actual damages;
16 restitution; civil penalty in the amount two times
17 Plaintiffs' actual damages pursuant to Civil Code section
18 1794, subdivision (c) or (e); consequential and incidental
19 damages; costs of the suit and Plaintiffs' reasonable
20 attorneys' fees pursuant to Civil Code section 1794,
21 subdivision (d); prejudgment interest; punitive damages;
22 and other relieve as the Court may deem proper. (Compl.,
23 Prayer for Relief, pp. 14-15 "a-k").
24     31. The amount in controversy calculation includes
25 civil penalties under the Song-Beverly Act. *Brady v.*
26 *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D.
27 Cal. 2002). The amount in controversy also includes
28 reasonable estimates of attorney's fees. *Id*. at 1011;

*Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

32. Plaintiffs' attorneys in Song-Beverly cases tried or prepared for trial regularly request more than $65,000 in fees. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8-9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees ); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal. May 7, 2018) (plaintiff's counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiff's counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiffs' counsel sought $195,125 in fees); *Clayton v. Ford Motor Co*., 2017 Cal. App. Unpub. LEXIS 4596, at *1-2 (July 5, 2017) (plaintiffs' attorneys sought $177,840 in fees based on 444.6 hours of work at an hourly rate of $400, *plus* a 2.0 multiplier, i.e. $355,680); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded "$185,000 in attorney fees and costs for successfully settling his claims under the Song-Beverly Consumer Warranty Act ").

33. If Plaintiffs were to prevail on their Song-Beverly Act claims, they could be awarded damages of $75,000.00 or more if awarded statutory civil penalties and attorney's fees. Plaintiffs allege they suffered damages of not less than $25,001.00, and adding $50,002.00 as a two

times civil penalty pursuant to the Song-Beverly Act, totals at least $75,003.00.(Proudfoot Decl., ¶¶ 5 - 8). Adding this amount to reasonable attorney fees which a party is entitled to under the Song-Beverly Act, it is more likely than not that the amount in controversy exceeds $75,000.  (Proudfoot Decl., ¶¶ 5-9,).

34. Thus, the total amount in controversy therefore exceeds $75,000.00.  The amount in controversy is satisfied. (Proudfoot Decl., ¶¶ 5-9; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

## V. CONCLUSION

35. Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (iv) the action involves a federal question.

Dated: January 28, 2022  GATES, GONTER, GUY,
PROUDFOOT & MUENCH, LLP

By: /s/ Matthew M. Proudfoot
MATTHEW M. PROUDFOOT
Attorneys for Defendant FCA US LLC

DEFENDANTS' NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1331, 1441, 1446

<div style="text-align:center;">PROOF OF SERVICE - 1013(a) C.C.P.</div>

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Gates, Gonter, Guy, Proudfoot & Muench, LLP, located at 38 Discovery, Suite 200, Irvine, CA  92618.

    On **January 28, 2022**, I served the foregoing document described as **DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446** on the interested parties in this action as set forth on the attached service list in the following manner:

**( )**    **BY MAIL**.  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.  I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

( )    **BY FACSIMILE**.  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

( )    **BY PERSONAL SERVICE**.  I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

( )    **BY EXPRESS MAIL**.  I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

(xxx)    **BY ELECTRONIC MAIL**.  I caused said document(s) to be served electronically to **emailservice@slpattorney.com**  pursuant to Civil Procedure §1010.6(a)

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **January 28, 2022**, at Irvine, California.

                                      _____
                                               Heidi Dufour

******************************************************************************

<div style="text-align:center;">SERVICE LIST</div>

**ATTORNEY FOR PLAINTIFF**
Tionna Dolin, Esq.
STRATEGIC LEGAL PRACTICE, APC
1840 Century Park East, Ste 430
Los Angeles, CA 90067
TEL: 310-277-1040
FAX: 310-943-3838